GIBBONS *v.* SCOTT *et al.*

In suit in equity, to set aside a judgment by default on a return by the Sheriff of personal service, on the ground that defendant, in fact, was not so served, and never had any notice of the proceedings, and that he had a valid defense to the action, the allegations relative to this defense showed that it was based upon an executory agreement, by the terms of which, certain things were to be done by plaintiff, and in consideration thereof, he was to be released from the debt for which the action was brought. *Held*, that the allegations are insufficient in this, that they do not state that any of these things were performed by him, or that he ever offered, or was, or has been, at any time, ready or willing to perform the same.

Nor, in such case, will the Supreme Court reverse the judgment below, to afford plaintiff an opportunity to amend his complaint, he not having offered to amend below, and there being no error in the record.

APPEAL from the Tenth District.

The original action was by defendants, Scott & Vantine, against Gibbons & Glynn. The return of the Sheriff shows personal service on Gibbons, plaintiff here; and an attorney having been appointed to represent Glynn, who had become a non-resident of the State, in due time final judgment by default was entered up against defendants.

The executory agreement set up in the present suit, and referred to by the Court, was, in substance, that Gibbons & Glynn being indebted to Scott & Vantine, the latter firm agreed to release Gibbons from all personal liability for such indebtedness, and look to Glynn alone—Gibbons to withdraw from the firm, and give up to Glynn all his right, title, and interest in and to the partnership property, and Glynn to give Scott & Vantine a mortgage upon the same; that Vantine gave Gibbons a note of the firm of Scott & Vantine, for five hundred dollars, which note was paid to a third party, to whom Gibbons transferred it, and was an additional consideration for Gibbons to withdraw from the firm. This agreement was before the action by *Scott & Vantine* v. *Gibbons & Glynn.* Defendants answered.

On the trial, defendants moved to dismiss the complaint, on the ground that it did not state facts sufficient. Motion sustained.

Plaintiff appeals.

*Thornton, Williams & Thornton,* for appellant, to the point, that the agreement was sufficiently plead, cited *Walker* v. *Woods,* Jan. T. 1860; and to the point that, even if not technically plead, still there is enough to show a valid and meritorious defense to the original action, and hence, that this Court should reverse, with leave to answer, cited *Partridge* v. *McKinney,* 10 Cal. 181–185 close of Burnett's opinion; Pr. Act, sec. 68.

*Harry I. Thornton, Jr.,* also for appellant, argued that the complaint averred an actual *release* of Gibbons, in pursuance of the executory agreement; and further, that payment of the five hundred dollar note proved a recognition of such release by Scott & Vantine, and that this was sufficient, without separate averments that Gibbons had executed each term of the agreement.

*R. S. Mesick,* for Respondents.

1. The complaint does not aver compliance with the terms of the executory agreement, set forth as a good defense to the original action. The averment of payment of the note given Gibbons, amounts to nothing, for, *non constat* that the respondents ever received any consideration for the note, and they were obliged to pay it because in the hands of a third party. A mere technical defense will not avail appellant; and he must be deemed to have stated his case as strongly as it will bear. (*Gregory* v. *Ford,* 14 Cal. —; *Green* v. *Covillaud,* 10 Cal. 317.)

2. There being no error in the record, this Court will not reverse simply to enable plaintiff to amend his complaint.

COPE, J. delivered the opinion of the Court—FIELD, C. J. concurring.

This is a suit in equity, to set aside a judgment of the District Court of the Tenth Judicial District. The judgment was rendered in September, 1853, and the record shows that there was a personal service of the summons, and a copy of the complaint. The plaintiff alleges that no such service was in fact ever made, and that he had no notice of the proceedings until long after the rendition of the judgment. He further alleges that the officer who certified to the service, and the sureties upon his official bond, are insolvent. So far, the case falls exactly within the rule laid down in *Gregory* v. *Ford,* decided at the October T. 1859; but the plaintiff goes further, and alleges that he had a valid defense to the action, of which he claims that in equity and justice he should still be permitted to avail himself. But the allegations in relation to this defense are insufficient. The defense is founded upon an executory agreement, by the terms of which certain things were to be done by the plaintiff, and in consideration thereof, he was to be relieved from the debt for which the action was brought. It is not alleged that any of these things were performed by him, or that he ever offered, or was, or has been, at any time, ready or willing to perform the same.

We have no right to reverse the judgment for the purpose of affording the plaintiff an opportunity to amend his complaint. He did not offer to amend in the Court below, and there is nothing in the record to justify a reversal.

Judgment affirmed.