[No. 14531. In Bank. — March 30, 1892.]

W. W. WHITNEY, APPELLANT, v. ROBERT KELLEY ET AL., RESPONDENTS.

FRAUD — JUDGMENT — SUBSEQUENT GRANTEE CANNOT ATTACK. — A grantee whose grantor had been previously adjudged not to be the owner of the land attempted to be conveyed, who is out of possession, and who was not himself a party to the suit in which the judgment was rendered, cannot maintain a suit in equity to set aside the judgment on the ground that it was procured by fraud practiced upon his grantor.

APPEAL from a judgment of the Superior Court of San Diego County.

The facts are stated in the opinion of the court.

*Sprigg & Barber*, for Appellant.

*Works, Gibson & Titus, Parrish, Mossholder & Lewis*, and *Luce & McDonald*, for Respondents.

GAROUTTE, J. — This is an appeal from a judgment dismissing an action, a demurrer to the complaint having been sustained, and the plaintiff declining to amend. In September, 1886, some of the defendants, and the grantors of others, claiming title to the land involved in this suit, brought an action against the grantors of plaintiff to establish by judicial decree the true boundary line between the lands of the respective parties to that suit. The judgment therein rendered determined the boundary line, and adjudged the plaintiffs to be the owners of the tract of land involved in the present action. Plaintiff, as grantee of the defendants in that action, now files his complaint to set aside that judgment, upon the ground that it was procured through certain frauds practiced upon the defendants therein, the plaintiff's grantors. The complaint further alleges that " said lot was duly conveyed to plaintiff for value before the commencement of this action, and that he is now the owner and entitled to the possession thereof," and further adding that the defendants herein have no title thereto other than that obtained by said judgment.

This is an action to set aside a judgment upon the ground of fraud, brought by a plaintiff who was not a party to the suit in which the judgment was rendered, but is a grantee of the defendants in said action. It is insisted that, as such, he has no standing before a court of equity, and if that be true, the judgment must be affirmed. The question here presented is one of importance, and as far as we are advised, one not directly adjudicated upon in this state. Owing to the fact that there is not an entire uniformity in the decisions upon the question, it is enveloped in some doubt, but we believe the better rule and the weight of authority sup-

port the principle of law as adduced in Freeman on Judgments, sec. 512, where it is said: "No person will be permitted to proceed in equity against a judgment or decree to which he was not a party, and which did not at its rendition affect any of his rights. If the parties to an adjudication are satisfied with it, no outside persons will be permitted to intermeddle with it at law or equity." Judge Story, in his work on Equity Jurisprudence, sec. 1040 g, speaking upon this subject, says: "So an assignment of a bare right to file a bill in equity for a fraud committed upon the assignor will be held void as contrary to public policy, and as savoring of the character of maintenance. . . . . Indeed, it has been laid down as a general rule that where an equitable interest is assigned in order to give the assignee a *locus standi in judicio* in a court of equity, the party assigning such right must have some substantial possession and some capability of personal judgment, and not a mere naked right to overset a legal instrument or to maintain a suit." The principle here announced is supported in *Cross* v. *Sacramento Sav. Bank*, 66 Cal. 462; *Sanborn* v. *Doe*, 92 Cal. 152; *French* v. *Shotwell*, 5 Johns. Ch. 565; *Marshall* v. *Means*, 12 Ga. 61; 56 Am. Dec. 444; *Prosser* v. *Edmonds*, 1 Younge & C. 496; *Graham* v. *Railroad Co.*, 102 U. S. 154; *Crocker* v. *Bellangee*, 6 Wis. 667; 70 Am. Dec. 489.

The case of *Prosser* v. *Edmonds*, 1 Younge & C. 496, is the leading case, and the principle there involved is practically the same as is involved here. In that case the lord Chief Baron said: "But in a case where a party assigns his whole estate and afterwards makes an assignment generally of the same estate to another person, and the second assignee claims to set aside the first assignment as fraudulent and void, the assignor himself making no complaint of fraud whatever, it appears to me that the right of the second assignee to make such claim would be a question deserving of great consideration. . . . . In such a case a second assignment is merely that of a right to file a bill in equity for a fraud.

. . . . In the present case it is impossible that the assignee can obtain any benefit from his security except through the medium of the court. He purchases nothing but a hostile right to bring parties into a court of equity, as defendants to a bill filed for the purpose of obtaining the fruits of his purchase. . . . . Robert Todd, when he assigned, was in possession of nothing but a mere naked right. He could obtain nothing without filing a bill. No case can be found which decides that such a right can be the subject of assignment, whether at law or equity." In *Graham* v. *Railroad Co.*, 102 U. S. 154, a case where subsequent creditors attempted to set aside a conveyance secured by fraud practiced against the debtor, Justice Bradley, in the opinion of the court, said: " It seems clear that subsequent creditors have no better right than subsequent purchasers to question a previous transaction in which the debtor's property was obtained from him by fraud, which he has acquiesced in, and which he has manifested no desire to disturb. Yet in such a case subsequent purchasers have no such right"; also quoting from *French* v. *Shotwell*, 5 Johns. Ch. 565, wherein Chancellor Kent said: " If the party himself, who is the victim of fraud or usury, chooses to waive his remedy and release the party, it does not belong to a subsequent purchaser under him to recall and assume the remedy for him. If a judgment was fraudulent, by collusion between the parties to it on purpose to defraud a subsequent purchaser, the case would present a very different question. But if the judgment was fraudulent only as between the parties, it is for the injured party alone to apply the remedy." In this case of *Graham* v. *Railroad Co.*, 102 U. S. 154, the learned justice entered into an exhaustive review of the authorities upon the question, and approved the case of *Crocker* v. *Bellangee*, 6 Wis. 667, 70 Am. Dec. 489, wherein it is expressly held that a subsequent purchaser cannot attack a conveyance made by his grantor upon the ground of fraud practiced upon such grantor. *Prosser* v. *Edmonds*, 1 Younge & C. 496, is also approved; and after reviewing

the case of *Dickinson* v. *Burrell*, L. R. 1 Eq. 337, the
opinion continues: "Surely there is here no overruling
of *Prosser* v. *Edmonds*, 1 Younge & C. 496, even if such
overruling could avail against the Wisconsin decisions."
The cases of *Dickinson* v. *Burrell*, L. R. 1 Eq. 337, and
*McMahon* v. *Allen*, 35 N. Y. 403, upon a careful exam-
ination, seem to some extent to be opposed to the prin-
ciple announced in the text-books and authorities cited,
but the true doctrine based upon reason and authority
appears to be, that the right to complain of fraud should
not be recognized by a court of equity as a marketable
commodity. Indeed, the leading case of *Dickinson* v.
*Burrell*, L. R. 1 Eq. 337, and the decisions following in
its wake, recognize that principle as correct; but Lord
Romilly, in the Dickinson case, attempts this distinction;
he says: "If James Dickinson had sold or conveyed the
right to sue to set aside the indenture of December,
1860, without conveying the property, or his interest in
the property, which is the subject of that indenture,
that would not have enabled the grantee, A B, to main-
tain this bill; but if A B had bought the whole of the
interest of James Dickinson in the property, then it
would. The right of suit is a right incidental to the
property conveyed." It is difficult to appreciate the dis-
tinction thus attempted to be drawn in the two cases.
The one is an assignment of a right to acquire property
by setting aside a fraudulent conveyance of it, and the
other a conveyance of the property with an incidental
right of setting aside the prior fraudulent conveyance.
But the conveyance of the property in its then *status* is
neither more nor less than an assignment of a right of
action for the fraud. For at that time the grantor had
no other interest in or pertaining to the property.

Applying these principles to the facts of the case at
bar, what will be the result? It may be conceded that
the right to set aside this judgment by the plaintiff, upon
the ground of fraud, rests upon the same plane as if it
were a conveyance rather than a judgment. In the
former case the judgment decreed the defendants herein

to be the owners of the land. In the absence of any showing to the contrary, it must be assumed that the pleadings justified such a decree, and in addition thereto, we have the allegation here that plaintiff is entitled to the possession of the land, and that it was conveyed to him for value. We then have this plaintiff, as the grantee of parties against whom a judgment existed, declaring them to have no title in a tract of land, not being in possession, bringing this action years after the rendition of such judgment, to set it aside, upon the ground of fraud practiced against his grantors in the securing of it. In *Prosser* v. *Edmonds*, 1 Younge & C. 496, Lord Abinger said: " Where an equitable interest is assigned, it appears to me . . . . the party assigning that right must have some substantial possession, — some capability of personal enjoyment." And again he says: " Robert Todd, when he assigned, was in possession of nothing but a mere naked right. He could obtain nothing without filing a bill." As we have already seen, this principle was indorsed by Judge Story; and in the present case it can well be said that plaintiff's grantors, when they conveyed, were in possession of nothing but a mere naked right, and could obtain nothing without filing a bill. If plaintiff's grantors had nothing but a mere naked right to file a bill to set aside this judgment, then this plaintiff, their grantee, can have no title. It is essential that a party complaining in equity should have some present substantial interest in the subject-matter of the suit. He must have a direct interest in the result of the litigation, and his complaint must clearly indicate that fact. The plaintiff here has no interest in this land, for his grantors had no interest when they transferred to him. If the court should set aside the judgment, plaintiff would get no title thereby, and consequently he stands here upon a bare naked right to bring an action to set aside a judgment upon the ground of fraud practiced upon his grantors, and no case in the books can be found to sustain such position. This judgment is not void, but only voidable, at the desire and motion of the parties defrauded,

and can only be avoided by a decree of a competent court. The conveyance to the plaintiff did not avoid the effect of the judgment. The title, and all the title, still remained in the judgment plaintiffs, and a *bona fide* purchaser from them would have obtained a perfect and complete estate. As the grantors had no interest to convey, the grantee received nothing by the conveyance. The grantors had the right, by appealing to the proper court, to secure a decree whereby the title would return to them, but by neglect or desire they could lose or waive such right. There is nothing in this complaint to indicate but that these grantors, prior to the conveyance, expressly waived their right to bring an action to set aside the judgment upon the ground of fraud. If they chose to waive that right, it is neither justice nor sound policy that a subsequent purchaser with notice of the judgment should be allowed to investigate the merits of the original transaction. The one fact that they conveyed to the plaintiff is no sufficient negative of the existence of such waiver. Such conveyance might not even indicate hostility to the judgment. It certainly had no weakening effect upon the title created and declared by the judgment. Plaintiff's grantors had no power by conveyance, or otherwise, to nullify the effect of this judgment, except by a direct assault upon it in a court of equity. They had the right to make the assault, and that is all the right they possessed. They had neither the title, the possession, nor the right of possession; and, under such circumstances, their conveyance to plaintiff carried nothing but a mere naked right to bring an action to set aside a judgment for a fraud practiced upon them. A plaintiff with such a right has no equity, and is not entitled to recognition in a court of equity.

Let the judgment be affirmed.

DE HAVEN, J., McFARLAND, J., PATERSON, J., and SHARPSTEIN, J., concurred.

HARRISON, J., concurring. — I concur in the judgment.

The plaintiff cannot maintain an action to set aside the judgment complained of, unless the defendants in that action had such right, and it is incumbent on him to set forth his right of action as fully as it would be for them had they sought such relief. In an action to set aside a judgment for fraud, the plaintiff must not only show by his complaint the facts constituting the fraud which give him his right to the relief, but must also show that he has a defense to the original action upon the merits, and that he is able to present to the court the evidence constituting that defense. It is not sufficient to merely allege these matters as ultimate facts, or to aver them in the form of an affidavit of merits, but the facts themselves — those constituting the fraud, those constituting his defense, and those constituting his ability to present them to the court — must be incorporated into his complaint, so that the court may determine that if his allegations are admitted by the other party, the plaintiff would have been entitled to a judgment in his favor in the original action.

"A bill to set aside a decree for fraud must state the decree, and the proceedings which led to it, with the circumstances of fraud on which it is impeached." (2 Daniell's Chancery Practice, *1585; Story's Eq. Pl., sec. 428.) "The bill should state particularly the facts to be proved, the names of the witnesses, and show the bearing and relevancy of the proposed proofs. It should also show when and how the facts discovered came to the knowledge of the plaintiffs, and why no motion for a new trial was made in the court trying the case." (*Mulford* v. *Cohn*, 18 Cal. 46.)

If the plaintiff seeks to maintain the action upon the ground of newly discovered evidence, he "must describe the new evidence very distinctly and specifically, and state when it was discovered, and its bearing on the decree. It is not sufficient that he expects to prove certain facts; he must state the exact evidence to establish

them." (1 Daniell's Chancery Practice, *1578, note 1; *Dexter* v. *Arnold,* 5 Mason, 312; *Livingstone* v. *Noe,* 1 Lea, 55; *Butler* v. *Vassault,* 40 Cal. 76.)

An action of this nature must be brought within the time prescribed for an appeal from the original judgment (*Allen* v. *Currey,* 41 Cal. 318; *Evans* v. *Bacon,* 99 Mass. 213); and all who were parties to the original judgment must be made parties to the action to set it aside. (*Harwood* v. *Railroad Co.,* 17 Wall. 78.)

The complaint herein is defective in all of the foregoing requisites. The former judgment and "the proceedings which led to it" are not set forth, either generally or specifically. There is but a single reference thereto wherein its effect is averred, but the form of the judgment is not presented in the complaint. The complaint also fails to show whether the court had jurisdiction of the defendants; the averment that one of them "received" no summons is not inconsistent with the fact that the court may have had jurisdiction over him.

The fraud which is alleged is found in the averments that the complaint was drawn "with the intent" that the defendant should not suspect the real object of the action, and that the plaintiffs "*represented* to Lilian Cullen and *other defendants*" that they were joined as defendants therein as a matter of form only, and that they need not appear or answer therein. Not only is this averment defective in not setting forth the original complaint itself, so that the court can determine whether the "intent" with which it was drawn is such as the plaintiff alleges, and in not showing in what manner the plaintiffs therein made the "representations" charged, but the entire averment is made upon information and belief, without setting forth the sources of the information or the grounds for the belief  Other averments essential to his cause of action are also made upon information and belief.

In an action of this nature, it is incumbent upon the plaintiff to make his averments with such definiteness and certainty, particularly those relating to the fraud

which is charged, that the court will be able to determine whether he has the right to have its former judgment set aside. The solemn judgment of a court is not to be set aside upon the mere allegations of a defendant that he has been informed and believes that it was fraudulently obtained. The court must be informed whether his information was reliable, or only a street rumor, and the information must be set forth in his complaint so that it may be known whether his belief had a substantial basis, or was only the result of excessive credulity.

It is not a sufficient answer to this rule that the code permits a complaint to be made upon information and belief. The provision of the code that causes in equity, as well as those at law, are to be presented under the same form of pleading, has not changed the principles under which equitable relief shall be granted. When a plaintiff's right to such relief depends upon facts which are *quasi* jurisdictional in their nature, — such as his personal *status,* his freedom from negligence or laches, the fraudulent or inequitable conduct of the party against whom that relief is sought, or matters in respect to which the court may exercise its discretion, or which it must determine have an existence before it can entertain his complaint, — it is as essential under the present system as under any other that those matters should be presented by such positive and verified allegations that the court may determine their sufficiency. The plaintiff cannot substitute his own judgment for that of the court, and a complaint in which these jurisdictional facts are alleged upon the information and belief of the plaintiff does not state facts sufficient to show that he has a right of action.

The plaintiff does not show that he has sought this relief with sufficient promptness. He does not allege when he acquired any interest in the land, or from whom he acquired it, — his averment being, that it was duly conveyed to him for value " before the commencement of this action." Such an allegation is consistent

with a conveyance before the former action, or from per. sons other than the defendants in that action. Neither does the plaintiff allege when he received the information which is the basis of this action, or indeed that he knows or can produce any evidence which will vary the former judgment,— his only averment being, that in September, 1889, it was "intimated" to him that the land could be identified by one Wheeler, and that if the judgment is set aside, he can produce his evidence; but he does not show, except by recital, the nature or effect of the evidence that he expects to produce.

Under the foregoing principles, the complaint failed to state a cause of action, and the demurrer was properly sustained. Upon the question discussed by Mr. Justice Garoutte, I express no opinion.