[L. A. No. 1615.   Department Two.—January 20, 1905.]

## O. H. BURBRIDGE, Respondent, v. J. J. RAUER, and W. A. WHITE, Appellants.

INJUNCTION—JUDGMENT—JURISDICTION OF PERSON—SHERIFF'S RETURN —INSUFFICIENT COMPLAINT—DEFENSE NOT SHOWN.—An injunction will not lie to restrain the enforcement of a money judgment where the complaint does not allege any fraud in its procurement nor state any defense to the action, but merely alleges a want of service of summons in fact, though the sheriff's return showed such service.

ID.—NOTE SIGNED IN PARTNERSHIP NAME—INSUFFICIENT ALLEGATIONS. —Where the action in which the judgment was obtained was upon a partnership note signed in the name of a partnership of which the plaintiff appears to have been a member, and the complaint for an injunction does not allege that the note was not executed by the partnership, mere allegations that it was signed without plaintiff's

knowledge, and that at the date of the commencement of the action nothing was due to plaintiff's assignor, disclose no defense to the action by the assignee of the note.

ID.—SUBSEQUENT BAR OF STATUTE—INEQUITABLE CLAIM.—When at the time of the injunction suit the cause of action set forth in the justice's court was barred by limitation, it would, in the absence of fraud, be inequitable to set aside the judgment without a showing that there was a good defense to the original action existing prior to the judgment, so as to render the judgment unjust.

ID.—MATERIAL DEFECT IN COMPLAINT NOT CURED BY TRIAL AND JUDGMENT.—The material defect in the complaint for the injunction was not cured by a subsequent trial, findings, and judgment relieving the plaintiff from liability upon the judgment.

APPEAL from a judgment of the Superior Court of Los Angeles County and from an order denying a new trial. M. T. Allen, Judge.

The facts are stated in the opinion.

Powers & Holland, for Appellants.

The complaint did not state a defense to the original action or show that the judgment was unjust. (*Gregory* v. *Ford,* 14 Cal. 139;[1] *Harnish* v. *Bramer,* 71 Cal. 155, 159; *Collins* v. *Scott,* 100 Cal. 446, 452.)

Borden & Carhart, and George J. Lovejoy, for Respondent.

The complaint shows a ground for equitable relief for fraud in the proof of service and for want of jurisdiction of the person of plaintiffs. (*Merriman* v. *Walton,* 105 Cal. 403;[2] *People* v. *Thomas,* 101 Cal. 571; *Eppinger* v. *Scott,* 130 Cal. 275; *Norton* v. *Atchison etc. R. R. Co.,* 97 Cal. 388;[3] *De La Montanya* v. *De La Montanya,* 112 Cal. 118;[4] *Herd* v. *Tuohy,* 133 Cal. 58.) The sheriff's return was only *prima facie* evidence, and could be contradicted by any evidence, direct or indirect. (*Moore* v. *Hopkins,* 83 Cal. 270;[5] *Scott* v. *Wood,* 81 Cal. 398; *Osgood* v. *Los Angeles etc. Co.,* 137 Cal. 280.[6])

GRAY, C.—This is an action in which the plaintiff obtained a decree relieving him from a money judgment there-

[1] 73 Am. Dec. 639.
[2] 45 Am. St. Rep. 50.
[3] 33 Am. St. Rep. 198.
[4] 53 Am. St. Rep. 165, and note.
[5] 17 Am. St. Rep. 248.
[6] 92 Am. St. Rep. 171.

tofore obtained against him by the defendant Rauer in the justice's court, restraining the enforcement thereof, and declaring said judgment to have been obtained without jurisdiction and to be void and of no effect. The defendants appeal from the decree and from an order denying them a new trial.

The appellants contend that the complaint fails to state a cause of action or ground for the interposition of equity, for the reason that it does not show that the plaintiff in this case has or had any defense to the action in the justice's court. We think this contention is well founded and that the general demurrer of defendants to the complaint should have been sustained.

The complaint herein, so far as necessary to be stated, runs as follows: "That heretofore, to wit, on August 28, 1897, the said defendant Rauer commenced an action in the justice's court of the city and county of San Francisco, state of California, entitled as follows: J. J. Rauer, plaintiff *v.* First Doe, Second Doe, Third Doe, and Fourth Doe, associated together and doing business under the firm name and style of Burbridge & Co., defendants. That in and by the complaint filed in the said action he alleged that on the 31st day of January, 1896, at the city and county of San Francisco, state of California, the defendants named in said action made and delivered to one H. Wahl a promissory note, a copy of said alleged promissory note being set up in said complaint, and being in the words and figures following, to wit:—

"San Francisco, Cal., Jan. 31, 1896.

"On or before one year after date, we promise to pay to the order of H. Wahl (without interest) one hundred and eighteen and 75-100 dollars ($118.75), at our office, value received.                                    Burbridge & Co.

"$118.75 due January 31, 1897.

"That said complaint further alleged that the defendants therein named, though requested, had failed and refused to pay the said note, or any part thereof, and that prior to the commencement of this action, the said H. Wahl indorsed the said note to the plaintiff in said action, and that said plaintiff is still the owner and holder thereof. The said complaint further alleged as a separate cause of action against the defendants therein named, that there is now due, owing and

unpaid from said defendants the sum of $120 for moneys loaned and advanced to the defendants within two years last past, at the city and county of San Francisco, state of California, at their special instance and request, by one W. S. Ray; that the defendants therein named, though requested, have failed, neglected and refused to pay said sum of $120 or any part thereof; that prior to the commencement of said action, the said Ray sold, assigned and transferred to the plaintiff therein named, all his right, title and interest in and to the said claim and demand against the defendants."

The complaint then alleges that the plaintiff herein was never in fact served with summons in the justice court action, though the sheriff's return thereon showed that he was so served. The complaint continues: " . . . and plaintiff further alleges that the pretended promissory note attempted to be set forth in the said action of Rauer *v.* Doe et als., was never signed by him, or by any member of any firm or copartnership of which plaintiff was a member, to his knowledge; and plaintiff further alleges that at the time of the commencement of said action of Rauer *v.* Doe et als., there was not due, owing or unpaid from this plaintiff, or from any firm or copartnership of which this plaintiff was a member, unto the said W. S. Ray, the sum of $120 or any other sum."

There is no direct statement in the complaint and nothing to show that the note was not executed by the copartnership of which plaintiff herein appears to have been a member. The statement that the note was never signed by any member of any firm or copartnership of which plaintiff was a member, "to his knowledge," leaves it to be presumed in support of the justice court judgment that it was so signed *without his knowledge,* but in such a manner as to bind not only the firm but also the plaintiff herein in his individual capacity. The further allegation that at the date of the commencement of the justice court action nothing was due or unpaid to *Ray* from plaintiff leaves us to presume that at that date the one hundred and twenty dollars of the second cause of action was due and unpaid to *Rauer,* the plaintiff in that action, who was at that time the assignee and owner of the claim.

The causes of action set out in the justice court case were barred by limitation before the commencement of the present action; and there was nothing to show that the plaintiff in

that case was guilty of any fraud in the procurement of the judgment. Hence, it would be inequitable to set aside the judgment without an affirmative showing in the complaint that there was a good defense to the justice court action. (*Gregory* v. *Ford,* 14 Cal. 139;[1] *Harnish* v. *Bramer,* 71 Cal. 155; *Eldred* v. *White,* 102 Cal. 600; *Parsons* v. *Weis,* 144 Cal. 410.) "Equity will not overturn a judgment valid on its face unless it is an unjust judgment. . . . It must be against conscience, and it must be made to appear that a like judgment would not follow in the same action or upon the same cause of action." (*Harnish* v. *Bramer,* 71 Cal. 155.)

This defect in the complaint is material, and was not cured by the subsequent trial, findings, and judgment. The complaint lacked an essential and necessary allegation in a case of this character, and is fatally defective. It is therefore unnecessary to consider other questions presented in the briefs.

The judgment and order should be reversed.

Harrison, C., and Smith, C., concurred.

For the reasons given in the foregoing opinion the judgment and order are reversed.

McFarland, J., Lorigan, J., Henshaw, J.