[S. F. No. 6857. In Bank.—December 13, 1916.]

## A. P. MATSON, Respondent, v. JOHN BATTO & SONS (a Corporation), Appellant.

INJUNCTION—DEFAULT JUDGMENT—INSUFFICIENT SERVICE OF SUMMONS. An injunction will not be granted to restrain the enforcement of a default judgment, on the ground that it had been rendered upon an insufficient service of summons, in the absence of an allegation that the plaintiff has or ever had any defense on the merits to the action in which the judgment was rendered, or that it was not in fact just.

APPEAL from a judgment of the Superior Court of Sonoma County. Emmet Seawell, Judge.

The facts are stated in the opinion of the court.

C. C. Cowgill, for Appellant.

Phil Ware, for Respondent.

SLOSS, J.—The defendant corporation obtained a default judgment against plaintiff in a justice's court. The plaintiff,

claiming that the default and judgment had been rendered upon an insufficient service of summons, brought this action to obtain an injunction restraining the defendant from enforcing said judgment. The defendant's demurrer to the complaint was overruled, and judgment was entered, granting the plaintiff the relief demanded. The defendant appeals from the judgment.

The complaint fails to allege that the plaintiff has or ever had any defense on the merits to the action in the justice's court, or that the judgment there given was not in fact just. Without regard to other points made, this alone is a complete obstacle to the granting of equitable relief. (*Gregory* v. *Ford*, 14 Cal. 138, [73 Am. Dec. 639]; *Gibbons* v. *Scott*, 15 Cal. 284; *Logan* v. *Hillegass*, 16 Cal. 200; *Peterson* v. *Weissbein*, 65 Cal. 42, [2 Pac. 730]; *Harnish* v. *Bramer*, 71 Cal. 155, [11 Pac. 888]; *Collins* v. *Scott*, 100 Cal. 446, 452, [34 Pac. 1085]; *Eldred* v. *White*, 102 Cal. 600, [36 Pac. 944]; *Parson* v. *Weis*, 144 Cal. 410, 417, [77 Pac. 1007]; *Burbridge* v. *Rauer*, 146 Cal. 21, [79 Pac. 526]; *Bell* v. *Thompson*, 147 Cal. 689, [82 Pac. 327].)

The judgment is reversed.

Shaw, J., Melvin, J., Henshaw, J., Lorigan, J., Lawlor, J., and Angellotti, C. J., concurred.