[S. F. No. 7243. Department One.—April 26, 1917.]

## HENRY E. LEE et al., Appellants, v. W. W. COLQUHOUN, Respondent.

ACTION TO SET ASIDE JUDGMENT—ABSENCE OF SERVICE OF SUMMONS— FRAUD—PLEADING—DEFENSE TO ORIGINAL ACTION.—In an action to set aside a money judgment on the grounds of want of legal service of summons and that the judgment had been obtained by fraud, the plaintiff must affirmatively allege in his complaint the facts showing that he has a defense to the original action on the merits, and that he is able to present to the court the evidence constituting that defense. It is not sufficient to merely allege these matters as ultimate facts, or to aver them in the form of an affidavit of merits.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. Frank J. Murasky, Judge.

The facts are stated in the opinion of the court.

H. L. Clayberg, Clark Clement, and Clayberg & Whitmore, for Appellants.

Walter Slack, and Joseph K. Hutchinson, for Respondent.

SLOSS, J.—The plaintiffs appeal from a judgment entered against them pursuant to an order sustaining a demurrer to their first amended complaint.

The action was one in equity to set aside a money judgment obtained by the defendant herein against the plaintiffs and one Pack, individually and as copartners. It will suffice for present purposes to say that by their complaint the plaintiffs sought to set up, as grounds for equitable relief, that there had not been legal service of summons upon them, and that the judgment had been obtained by fraud. Without examining the sufficiency of the averments relied on, we may assume that the plaintiffs stated facts sufficient to support their claims in these respects. But the complaint was totally devoid of any averment to the effect that the plaintiffs herein ever had or now have a meritorious defense to the action which resulted in the judgment of which they complain, or that such judgment was not, in fact, just. Even though a judgment may have been obtained through fraud, or without service of process, a court of equity will not grant relief against it in favor of a party who "claims only the barren right of being permitted to defend against a claim to which he had no defense." (*Gregory* v. *Ford,* 14 Cal. 138, [73 Am. Dec. 639].) In an action to set aside a judgment for these grounds, the plaintiff must show "that he has a defense to the original action upon the merits, and that he is able to present to the court the evidence constituting that defense. It is not sufficient to merely allege these matters as ultimate facts, or to aver them in the form of an affidavit of merits, but the facts themselves . . . must be incorporated into his complaint, so that the court may determine that if his allegations are admitted by the other party, the plaintiff would have been entitled to a judgment in his favor in the original action." (*Whitney* v. *Kelley,* 94 Cal. 146, 153, [28 Am. St. Rep. 106, 15 L. R. A. 813, 29 Pac. 624].) This rule is so well established that we content ourselves with referring to *Bell* v. *Thompson,* 147 Cal. 689, [82 Pac. 327], and to the very recent case of *Matson* v. *John Batto & Sons,* 173 Cal. 800, [161 Pac. 1144], where many of the earlier decisions are cited.

The demurrer was therefore properly sustained upon the ground of want of facts sufficient to constitute a cause of action, without regard to the validity of any of the other grounds specified. Plaintiffs do not complain of the court's

CLXXV Cal.—2

failure to grant them leave to amend, nor do they intimate that they could have amended their complaint so as to obviate the defect.

The judgment is affirmed.

Shaw, J., and Lawlor, J., concurred.