[Civ. No. 2664.  First Appellate District, Division One.—March 10, 1919.]

## COSTANZO CELIANO et al., Appellants, v. GIUSEPPE GIORDANENGO, Respondent.

[1] JUDGMENTS—ACTION TO SET ASIDE—DEFECTIVE PROOF OF SERVICE—EQUITY.—A bill in equity to set aside a judgment upon the ground that proof of service of summons in the action in which such judgment was obtained failed to show that it was served upon each of the plaintiffs (the defendants in the prior action), must show that the plaintiffs were not in fact served with summons as required by section 410 of the Code of Civil Procedure, and that they, as defendants in said prior action, have a good defense on the merits thereof.

[2] SUMMONS—DEFECTIVE RETURN—EQUITY.—A defective return of process duly served is not sufficient ground for equity to interfere.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco.   Bernard J. Flood, Judge. Affirmed.

The facts are stated in the opinion of the court.

Devoto, Richardson & Devoto for Appellants.

John J. Mazza for Respondent.

KERRIGAN, J.—This is an appeal from a judgment entered upon an order sustaining a general demurrer to plaintiffs' complaint.

The plaintiffs herein were the defendants in a justice's court action, and bring this suit in equity for the purpose of setting aside the judgment obtained against them therein, basing their right to this relief upon the ground that the proof of service of summons in said action fails to show that it was served upon each of them as defendants therein.

[1] Whatever merit there may be in this point as an abstract proposition of law it can avail the plaintiffs nothing in this proceeding, for two reasons: (1) That the complaint fails to allege that the defendants in the former suit were not in fact served with summons as required by section 410 of the Code of Civil Procedure, and (2) that they, as defendants in said justice's court action, had a good defense on the merits thereof.

[2] A defective return of process duly served is not sufficient ground for equity to interfere. (*Pico* v. *Sunol*, 6 Cal. 294; *Eichhoff* v. *Eichhoff*, 107 Cal. 42, [48 Am. St. Rep. 110, 40 Pac. 24]; 23 Cyc. 996.) And it is the established law in this state that a bill of equity must allege and show that the complainant has a good and meritorious defense to the action at law. (*Burbridge* v. *Rauer*, 146 Cal. 21, [79 Pac. 526]; *Bell* v. *Thompson*, 147 Cal. 689, [82 Pac. 327]; *Matson* v. *John Batto & Sons*, 173 Cal. 800, [161 Pac. 1144]. See, also, Freeman on Judgments, sec. 498; 23 Cyc. 1031.)

Under these authorities it must be held that the equitable relief of setting aside a judgment obtained in a court of law will not be granted without an affirmative showing in the complaint that the complainant, as defendant in said action, has a good defense on the merits. It should have been made to appear in the complaint in this proceeding that a like judgment would in all probability not result from a new prosecution of the action at law.

The judgment is affirmed.

Waste, P. J., and Richards, J., concurred.