[Civ. No. 8003. First Appellate District, Division Two.—September 16, 1931.]

A. A. BROZEY, Respondent, v. L. A. ALESEN et al., Appellants.

Collamer A. Bridge for Appellants.

Constantine M. Mooslin for Respondent.

NOURSE, P. J.—Plaintiff sued in equity to set aside a money judgment obtained by defendants herein against plaintiff and others in the municipal court. Plaintiff had judgment and the defendants appeal upon the judgment-roll.

For the purposes of this opinion it is sufficient to say that plaintiff bases his action on the allegations that the judgment was obtained against him by fraud and without service of summons upon him. The trial court found that summons was not served and that plaintiff had no notice of the proceeding until after the judgment had been entered. The complaint herein alleged in general terms that plaintiff had a meritorious defense to the action in the municipal court. On this issue the trial court made no finding.

The allegation was wholly insufficient to present the issue. (15 Cal. Jur., p. 38.) The need of tendering the issue and the substance of the pleading required are both clearly stated in *Lee* v. *Colquhoun*, 175 Cal. 16, 17. [164 Pac. 894], where the Supreme Court say: "In an action to set aside a judgment for these grounds, the plaintiff must show 'that he has a defense to the original action upon the merits, and that he is able to present to the court the evidence constituting that defense. It is not sufficient to merely allege these matters as ultimate facts, or to aver them in the form of an affidavit of merits, but the facts themselves . . . must be incorporated into his complaint, so that the court may determine that if his allegations are admitted by the other party, the plaintiff would have been entitled to a judgment in his favor in the original action'. (*Whitney* v. *Kelley*, 94 Cal. 146, 153 [28 Am. St. Rep. 106, 15 L. R. A. 813, 29 Pac. 624].) This rule is so well established that we content ourselves with referring to *Bell* v. *Thompson*, 147 Cal. 689 [82 Pac. 327], and to the very recent case of *Matson* v. *John Batto & Sons*, 173 Cal. 800 [161 Pac. 1144], where many of the earlier decisions are cited."

Respondent urges that, because the appeal is on the judgment-roll, we must presume that adequate proof of the issue was made. We might do so if the trial court had made a finding. But, in the absence of a proper plead-

ing, and, in the absence of a finding as well, we must presume that the issue was not tendered and was not tried.

The judgment is reversed with directions to grant the respondent leave to amend his complaint if so desired.

Sturtevant, J., and Spence, J., concurred.