[Civ. No. 5875. Third Appellate District.—February 2, 1938.]

VERA NEW, Appellant, v. MUTUAL BENEFIT HEALTH & ACCIDENT ASSOCIATION (a Corporation), Respondent.

W. Coburn Cook and Gilbert Moody for Appellant.

Decoto & St. Sure for Respondent.

PULLEN, P. J.—Vera New, appellant herein, the widow of Lavon B. New, together with the special administrator of the estate of New, deceased, brought this action against the Mutual Benefit Health & Accident Association, a corporation, to recover certain benefits under an insurance policy written by the defendant.

Two causes of action are set out in the complaint. In the first the widow asks for the $2,000 death benefit provided by the policy. In the second cause of action the special administrator asks for disability and hospital benefits. Defendant interposed a general demurrer to each of the causes of action. The court sustained the demurrer to the first cause of action without leave to amend, and from the judgment upon that order, plaintiff Vera New has taken this appeal.

The complaint discloses that on April 1, 1935, for a premium of $25 in advance, and $15 quarterly thereafter, defendant issued the policy here in question. The insured paid the advance premium of $25 upon delivery of the policy, and on May 1, 1935, paid the quarterly premium of $15. On June 23, 1935, the insured received bodily injuries through accidental means, which caused his death.

The appellant sets forth in her complaint the policy sued upon, and claims that it contains a provision which attempts to limit the liability of the defendant in the event of loss of life within the first policy year, and alleges such provision to be without consideration, inequitable, and in violation of the laws of the state of California, in its contents, form, placement, and type.

The policy provides as follows:

"PART A. SPECIFIC LOSSES. If the insured shall, through accidental means, sustain bodily injuries as described in the Insurance Clause, which shall, independently and exclusively of disease and all other causes, immediately, continuously and wholly disable the Insured from the date of the accident and result in any of the following specific losses within thirteen weeks, providing in case of loss of life the policy shall then have been continuously in force more than

one year, the Association will pay: . . . For Loss of Life
. . . $2,000.00 . . . ''

To overcome the apparent limitation set forth above requiring that in case of loss of life the policy shall have been continuously in force more than one year, appellant alleges in paragraph VI of her complaint:

''That said policy of insurance contains a provision unlawfully attempting to limit the liability of the defendant in the event of loss of life within the first policy year. That said provision was placed in said policy without consideration and in contravention of the laws of the State of California, of the terms of the policy, and of the express contract of the defendant and the insured whereby the latter paid a premium for insurance, as stated in the policy, against loss of life caused by accident within the period the said policy was in force. That said provision is inequitable, unjust, lacks mutuality, and is an attempted forfeiture of the benefit for loss of life with the forfeiture based upon the occurrence of the very event to which the benefit applies. That said provision does not comply with the laws of the State of California for policies of insurance in its contents, form, placement, nor type, and is void and does not provide an exception to the liability of the defendant.''

Upon demurrer the trial court held that the foregoing paragraph VI stated only conclusions of law drawn from the policy itself, in that the only question the court was called upon to determine was whether the policy on its face was, as a matter of law, defective in the particulars alleged in said paragraph, and accordingly sustained the demurrer.

The distinction between conclusions of law and statements of fact is at times difficult to distinguish. The difference between the two is stated in 21 California Jurisprudence, page 28, as follows:

''Ultimate facts have been defined as the logical conclusion deduced from certain primary facts evidentiary in character, and conclusions of law are those presumptions or legal deductions which, the facts being given, are drawn without further evidence.''

Applying this definition to the paragraph in question, it would appear that the only proof that could be offered in support of the allegations of the foregoing paragraph would be the contract of insurance itself, which is made a part of the complaint. It would then appear that the allegations

in paragraph VI are questions of law which the court would have to determine from the law as applied to the policy and not from any evidence outside of the complaint.

The rule applicable to such pleading as here involved is stated in *Miles* v. *McFarlane*, 104 Cal. App. 513 [286 Pac. 507], to the effect that while the allegation of an asserted fact which is stated in the form of a conclusion would be sufficient in the absence of a special demurrer, it is inadequate when the recited facts upon which it depends fails to support the conclusion. There the allegation in regard to the reversion of title was based upon the assumption that it occurred "under the terms of the contract". The contract was made a part of the complaint and contained no provision for a forfeit or default in payment of instalments. The court then held that the complaint therefore failed to allege title or right of possession in the selling corporation. It would seem, therefore, that here the allegations of the complaint are insufficient in that it fails to state the ultimate facts.

█ Appellant next claims the provision in the policy is invalid as a matter of law. She contends that the assured lost his life by accident within the terms of the policy, and that the defendant refused to pay the indemnity solely because such loss of life occurred within the first policy year. This claim is based upon the construction placed upon the policy by the plaintiff that the policy covered the contingency of death occurring within the first year. However, an examination of the policy makes clear that the insured paid his premium for a policy of accident and health insurance for the first year, and that the company made no promise to pay for the loss of life during the first year, and expressly covered protection from loss by sickness or accident only and no more, during that specified period, the primary purpose being to pay to the insured specific benefits in the event of disability caused by reason of accident or disease, the death benefit being an incidental provision, and definitely by the terms of the policy not made effective during the first year.

According to the interpretation of plaintiff the death benefit was the only protection in the policy, and she claims that inasmuch as this risk was not covered for the first year, the insured received nothing for his money. One has but to look at the policy, however, to find that during the year the assured was protected against the loss of one or both of his eyes, his hands, or his feet, as well as for the loss of time

through total or partial disability caused by accident or disease, and the benefit of hospitalization if such contingency arose.

Observation and insurance practice teaches that persons who are about to engage upon duties more dangerous than those to which they have been formerly accustomed are likely to take out policies of insurance, which is one reason that insurance companies are justified in charging larger premiums for smaller risks during the first year of the policy than during the subsequent years.

Plaintiff argues that under the policy the company could collect a large premium for the first year and then cancel the policy, thereby causing a loss to insured. But in consideration of the premium for the first year the insured received coverage for that year for loss due to sickness or accident, and if the policy should be canceled at the end of the first year he has received all of the protection for which he paid.

Plaintiff claims that the omission of the death benefit is an exception in the policy, but an examination of the policy itself seems to indicate that the provision for refusing to pay the death benefit in the first year is in the nature of an exclusion of a risk.

Plaintiff also contends that the provision which limits recovery for death until the policy has been in force one year is void as it violates various provisions in the Insurance Code, and in particular the provisions of the Insurance Code sections 10360, 10310, 10390.

Section 10360 provides that if a disability policy, issued in this state, shall contain a provision limiting the amount of indemnity to a sum less than the amount stated in the policy, such provision shall be set forth in the words and figures and in the order specified in subsequent sections.

Section 10310 provides that no disability policy shall be issued or delivered in this state if it purports by reason of the circumstances to reduce any indemnity to an amount less than that provided for under ordinary circumstances unless such portion is printed in bold-face type and given greater prominence than any other portion of the text of the policy.

And section 10390 declares that if a policy is issued in violation of the provisions of the Insurance Code the same is valid but the policy shall be read and construed as provided

by the code, and in any conflict in the provisions of the policy and the code, the code shall control.

But we find no conflict with or violation of the code in the terms of the policy before us. The disputed portion of the policy rather than being a limitation of the promised indemnity is an integral part of the provision itself, and therefore cannot come within the prohibition of section 10360.

So also in regard to the provisions of section 10310, the same reasoning applies. The disputed provision does not reduce an indemnity but entirely excludes a risk.

In *Kirkby* v. *Federal Life Ins. Co.*, 35 Fed. (2d) 126, suit was brought by a beneficiary after death of insured, caused by asphyxiation from inhaling gas from the exhaust of his motor. The policy agreed to pay for loss of life caused by specific enumerated causes, of which asphyxiation was not one. It was claimed that the policy could not be so limited because the limitations were not set forth in conformity with the statute, which provided that any portion of the policy which purported, by reason of circumstances, to reduce any indemnity, shall be printed in bold-face type.

The court held that parties could contract for whatever risks they wished to, and if no uncertainty or ambiguity was found courts could not create one.

So here the company made no promise to pay the beneficiary any sum whatever in the event of the death of the insured within one year of the issuance of the policy, the only promise being to pay the beneficiary in the event of death occurring after one year, and thereby definitely excluding such risk during the first year of the policy. It is not a stipulation limiting the amount of indemnity to a lesser amount to be paid for a risk included in the agreement, as the risk of death was in no manner a part thereof. The promise definitely was to pay for death only after one year.

No interpretation of this provision has been found in the California reports, but we are referred to *First Texas Prudential Ins. Co.* v. *Smallwood et al.*, (Tex. Civ. App.) 242 S. W. 498. The laws of Texas contain a provision similar in effect to our Insurance Code, and in that case the court reached a conclusion in accordance with our construction of section 10360 of the Insurance Code.

In *American Nat. Ins. Co.* v. *Walker*, (Tex. Civ. App.) 256 S. W. 950, also a Texas case, the court said: " . . . Here the face of the policy provided that, if the insured died within

six months from the date of the policy, the benefit was limited to $123.00. The contract is one which the parties had a legal right to make. It does not contravene any statute or rule of public policy. We conclude that the court did not err in ruling upon that question," and when the contract provides for certain risks for which the company shall or shall not be liable, and have made no exceptions, the conclusive presumption is they intended none. To the same effect is *Hopkins* v. *Connecticut General Life Ins. Co.*, 225 N. Y. 76 [121 N. E. 465]; *Drogula* v. *Federal Life Ins. Co.*, 248 Mich. 645 [227 N. W. 692].

For the foregoing reasons the judgment from which this appeal is taken must be affirmed, and it is so ordered.

Thompson, J., and Plummer, J., concurred.