[Civ. No. 15171. First Dist., Div. Two. Dec. 29, 1952.]

HARRY A. SMITH, Respondent, v. RAYMOND G. BUSNIEWSKI, Appellant.

O'Malley & Penaluna and Alan H. Critcher for Appellant.

Millington, Dell'Ergo, Weeks & Morrissey for Respondent.

WAGLER, J. pro tem.—This is an appeal by the defendant· Busniewski from a decree in equity setting aside and vacating a judgment by default, secured by him against the plaintiff Smith in an earlier action in the superior court of San Mateo County.

The plaintiff herein first sought relief in the original action under section 473 of the Code of Civil Procedure. However, the statutory time had expired and relief was denied. He then instituted the instant action and was granted the relief sought. The trial court found: (1) "that the default of plaintiff" (the defendant in the main action) "was made and entered by reason of an unavoidable mistake of the plaintiff which could not have been anticipated or avoided by plaintiff in the exercise of due diligence," and (2) ". . . that plaintiff has a good and meritorious defense to the action in which said default and default judgment were made and entered if said defense is established in the trial of said action upon its merits."

The defendant contends that the evidence is insufficient to support either of the findings above set forth and that there is no sufficient allegation in the complaint that a trial on the merits would result in a judgment favorable to the plaintiff.

So far as the sufficiency of the evidence to support the first finding is concerned, the record shows that the main action

was one for damages for the conversion of an automobile, and that the defendants named in the main action are as follows: Auto Acceptance Corporation, a corporation; Auto Acceptance and Loan Corporation, a corporation; Federal Credit Bureau, a corporation; John Doe Merchasim and First Doe, individually and doing business as copartners under the fictitious name and style of Federal Credit Bureau; California Auto Recovery, a corporation; Joe Doe Smith and First Doe, individually and doing business as copartners under the fictitious name and style of California Auto Recovery, a copartnership; M. Sidlow and Barney Roed, individually and as copartners doing business under the firm name and style of Cabin Garage. The plaintiff, sued as First Doe, was served with complaint and summons in said action in Alameda County on September 4, 1948. On November 15, 1948, his default was taken and on December 13, 1948, a default judgment was entered against him in the sum of $2,695, plus interest and costs. The default judgment against Smith is the only judgment entered in the action. There has never been a trial on the merits as to any of the other defendants. It is clear from the record before us that in the main action there was never any fair adversary trial. The mistake, therefore, if any, was extrinsic. (*United States* v. *Throckmorton,* 98 U.S. 61 [25 L.Ed. 93]; *In re Griffith,* 84 Cal. 107 [23 P. 528, 24 P. 381]; *Pico* v. *Cohn,* 91 Cal. 129 [25 P. 970, 27 P. 537, 25 Am.St.Rep. 159, 13 L.R.A. 336]; *Olivera* v. *Grace,* 19 Cal.2d 570 [122 P.2d 564, 140 A.L.R. 1328]; *Westphal* v. *Westphal,* 20 Cal.2d 393 [126 P.2d 105]; *Hallett* v. *Slaughter,* 22 Cal.2d 552 [140 P.2d 3].)

Plaintiff testified that within a week or ten days after the service of the summons and complaint upon him, he telephoned one John Foley, an attorney at law, with offices in the city and county of San Francisco and discussed the case. That Mr. Foley told him that he would take care of the matter and instructed him to mail the papers to his office, which he did. The plaintiff asked Mr. Foley when the case would come up for trial and was told: "Don't worry about it. I will let you know." The next time plaintiff heard of the case was when he received a letter from the Federal Credit Bureau of Los Angeles notifying him that a judgment had been entered against him. The plaintiff thereupon telephoned Mr. Foley's office, and was informed that Mr. Foley had died on March 14, 1949. On the following day Mr. Jack Flinn, an office associate of Mr. Foley, notified plaintiff by telephone

that the files had been located, and that the matter "hadn't been taken care of due to the fact that Mr. Foley had been ill off and on and had kind of let things slip."

The only conflict in the evidence deals with the physical condition of Mr. Foley during the months preceding his death. Both his widow and a former secretary testified that Mr. Foley had been able to attend to his office duties until about seven days before his death, which was the result of a heart attack. However, Mr. Flinn testified that following his (Mr. Flinn's) return from the Navy, Mr. Foley had never been the same. That he was an ill man, but that he worked at the office; that his hours were irregular; that he would leave the office at any time of the day; that he would go home; that he would phone that he wasn't coming in because he was ill. Mr. Flinn also testified that he found the complaint and summons which had been served on the plaintiff herein (the defendant in the main action) among Mr. Foley's papers after his death.

It is well settled that equity will relieve an injured party from the effect of a judgment procured by extrinsic fraud, mistake or excusable neglect which was not the result of negligence or laches on the part of the complainant. (*Anglo-California Trust Co.* v. *Kelley,* 117 Cal.App. 692 [4 P.2d 604] ; *Sohler* v. *Sohler,* 135 Cal. 323 [67 P. 282, 87 Am.St.Rep. 98] ; *Bacon* v. *Bacon,* 150 Cal. 477 [89 P. 317] ; *Simonton* v. *Los Angeles T. & S. Bank,* 192 Cal. 651 [221 P. 368] ; *Clavey* v. *Loney,* 80 Cal.App. 20 [251 P. 232] ; *Jeffords* v. *Young,* 98 Cal. App. 400 [277 P. 163] ; *Olivera* v. *Grace,* 19 Cal.2d 570 [122 P.2d 564, 140 A.L.R. 1328] ; *Wilson* v. *Wilson,* 55 Cal.App. 2d 421 [130 P.2d 782] ; *Hallett* v. *Slaughter,* 22 Cal.2d 552, [140 P.2d 3].)

In *Jeffords* v. *Young* (*supra*), pp. 404-405, the court said: "The serious illness of complainant's counsel which prevents an appearance at the trial or a fair presentation of his cause, and which situation by the exercise of due diligence could not have been anticipated or avoided, may warrant the intervention of equity. (3 Freeman on Judgments, 5th ed. 2598, Sec. 1247)."

The defendant Busniewski argues that the default judgment was the result of negligence on the part of plaintiff Smith and his counsel, and that the trial court therefore should have denied plaintiff any relief. Defendant's argument, in effect, is that the testimony of his witnesses should be accepted, and that of plaintiff's witnesses should be rejected.

It was the function of the trial court to evaluate the testimony and resolve the conflicts therein. *(Taylor* v. *J. B. Hill Co.,* 31 Cal.2d 373 [189 P.2d 258] ; *Crawford* v. *Southern Pac. Co.,* 3 Cal.2d 427 [45 P.2d 183].)

In *Richter* v. *Walker,* 36 Cal.2d 634, 640 [226 P.2d 593], the court said: ". . . as to the sufficiency of evidence to support findings, it is the time honored rule that all substantial conflicts must be resolved in favor of respondent, and all legitimate and reasonable inferences indulged in to uphold the findings if possible." Since the power of this court begins and ends with a determination as to whether there is any substantial evidence, contradicted or uncontradicted, which will support the conclusion reached by the trial judge *(Treadwell* v. *Nickel,* 194 Cal. 243 [228 P. 25] ; *Bancroft-Whitney Co.* v. *McHugh,* 166 Cal. 140 [134 P. 1157] ; *Wing* v. *Kishi,* 92 Cal.App. 495 [268 P. 483] ; *Estate of Bristol,* 23 Cal.2d 221 [143 P.2d 689] ), and since the evidence on the issue of extrinsic mistake was conflicting, the findings of the trial court on this issue must be sustained.

 It was incumbent upon the plaintiff in the instant case to *plead* and *prove* that the result in the main action would have been different had the mistake not occurred *(Wilson* v. *Wilson,* 55 Cal.App.2d 421 [130 P.2d 782] ; *Olivera* v. *Grace,* 19 Cal.2d 570 [122 P.2d 564, 140 A.L.R. 1328] ), since equity will not grant relief to a party who claims only the barren right of being permitted to defend against a claim to which he has no defense. *(Gibbons* v. *Scott,* 15 Cal. 284; *Whitney* v. *Kelley,* 94 Cal. 146 [29 P. 624, 28 Am.St.Rep. 106, 15 L.R.A. 813] ; *Lee* v. *Colquhoun,* 175 Cal. 16 [164 P. 894].) In his complaint the plaintiff has alleged "that plaintiff herein had and has a good and sufficient defense in the action in which the default and default judgment has been entered and taken against him and is able to show that said action was against this plaintiff and many other defendants for damages allegedly arising out of the alleged conversion of personal property, to wit: an automobile; that in truth and in fact, plaintiff did not convert said automobile to his own uses or to the uses of any person or persons whomsoever."

Defendant Busniewski contends that the above allegation is a mere conclusion of law and is an insufficient allegation that a trial on the merits would result in a judgment favorable to the plaintiff. The statement "that plaintiff herein had and has a good and sufficient defense in the action" is, of course, a mere conclusion, and standing alone would be insufficient. (15 Cal.Jur. 537; *Lee* v. *Colquhoun,* 175 Cal. 16

[164 P. 894] ; *Brozey* v. *Alesen,* 116 Cal.App. 641 [3 P.2d 68].) The remainder of the allegation, however, is not a mere conclusion. It is the allegation of an ultimate fact (*Rhode* v. *Bartholomew,* 94 Cal.App.2d 272 [210 P. 768]), which, if proved, would constitute a complete defense to the main action. ▮ When facts are alleged, additional statements which are mere conclusions of law, do not vitiate a pleading. (*Payne* v. *Treadwell,* 16 Cal. 220; *Koehler* v. *Board of Trustees,* 83 Cal.App. 648 [257 P. 187] ; *Union Bank & Trust Co.* v. *Los Angeles County,* 2 Cal.App.2d 600 [38 P.2d 442].)

▮ In the absence of a special demurrer, and none appears in the record, we find no reasons to doubt the sufficiency of the allegation in question. (See *Green* v. *Darling,* 73 Cal.App. 700 [239 P. 70] ; *Frasch* v. *London & Lancashire Fire Ins. Co.,* 213 Cal. 219 [2 P.2d 147] ; *New* v. *Mutual Benefit Health & Accident Assn.,* 24 Cal.App.2d 681 [76 P.2d 131] ; 21 Cal. Jur. 108.)

▮ The defendant also questions the sufficiency of the proof to support the finding made by the trial court on this issue. No testimony at all was offered at the trial in support thereof. The entire file, however, in the case in main was by stipulation received in evidence. This file contains the affidavit of Smith, the defendant therein, filed in support of his motion under 473 of the Code of Civil Procedure. Smith's affidavit contains the following allegation: ''That your affiant has fully and fairly stated to his said attorneys all the facts of the case and they have informed him that he has a good and meritorious defense to said action. Affiant therefore states that he has a good defense to said action. . . .'' This is the only allegation in any of the affidavits with reference to the merits of the main case. It therefore constitutes the only evidence in the entire record on this issue. As such, it is sufficient to support the finding of the trial court that a trial. on the merits would result in a judgment favorable to the plaintiff.

It must be conceded that the statement in Smith's affidavit is objectionable both as hearsay and as an opinion and conclusion which invades the province of the trial court. This does not mean, however, that it will not support a finding when admitted without objection.

In *Powers* v. *Board of Public Works,* 216 Cal. 546, 552 [15 P.2d 156], the court said: ''Appellants attack the finding that respondents were laid off for lack of funds and not for lack

of work as being supported only by testimony of hearsay statements made by certain foremen and the superintendent of painters. Much, though not all, of this evidence was admitted without objection, and as to that so admitted it is the settled rule that incompetent evidence admitted without objection is sufficient to support a finding.''

In *Estate of Kay*, 30 Cal.2d 215, 224 [181 P.2d 1], where it was held that a statement by an unqualified witness that he considered a sale of the ward's property to be for the latter's best interest was properly considered by the trial court, the court said: ''Whether or not an objection to this opinion, if made at the hearing, would have to be sustained, (see 7 Wigmore on Evidence, § 1960), it is clear that in the absence of any objection by petitioner, the opinion was properly considered. . . .''

In *Parsons* v. *Easton*, 184 Cal. 764, 769 [195 P. 419], the court said, when reviewing the sufficiency of the evidence: ''Although this evidence was technically incompetent, it was admitted without objection. It must, therefore, be given as much weight in this court, in reviewing the question of the sufficiency of the evidence, as if it were competent.'' (See, also, *Williams* v. *Hawley*, 144 Cal. 97 [77 P. 762]; *Abbott* v. *Limited Mutual Comp. Ins. Co.*, 30 Cal.App.2d 157 [85 P.2d 961]; *Yule* v. *Miller*, 80 Cal.App. 609 [252 P. 733]; *Mercantile Trust Co.* v. *Sunset etc. Co.*, 176 Cal. 461 [168 P. 1037]; *Janson* v. *Brooks*, 29 Cal. 214, 223; *Curiac* v. *Packard*, 29 Cal. 194, 197; *McCloud* v. *O'Neall*, 16 Cal. 392, 397.)

It is to be remembered, too, that in an action of this character ''The requirement that the complaint allege a meritorious case does not require an absolute guarantee of victory,'' (*Olivera* v. *Grace*, 19 Cal.2d 570, 579 [122 P.2d 564, 140 A.L.R. 1328]) and that ''The same observation may be made concerning the proof produced by plaintiff in support of [his] allegations.'' (*Hallett* v. *Slaughter*, 22 Cal.2d 552, 558 [140 P.2d 3].) To require such a degree of proof in this suit would render idle the act of conducting a trial on the merits in the main action.

The judgment is affirmed.

Nourse, P. J., and Dooling, J., concurred.

A petition for a rehearing was denied January 28, 1953, and appellant's petition for a hearing by the Supreme Court was denied February 26, 1953. Traynor, J., was of the opinion that the petition should be granted.