Filed 1/9/19 (unmodified opn. attached)

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| WILLIAM MECHLING,<br><br>        Plaintiff and Appellant,<br><br>v.<br><br>ASBESTOS DEFENDANTS,<br><br>        Defendants;<br><br>FIREMAN'S FUND INSURANCE COMPANY,<br><br>        Intervener and Respondent. | A150132<br><br>(San Francisco City & County Super. Ct. No. CGC-09-275224) |
| JAMES GREELY,<br><br>        Plaintiff and Appellant,<br><br>v.<br><br>ASBESTOS DEFENDANTS,<br><br>        Defendants;<br><br>FIREMAN'S FUND INSURANCE COMPANY,<br><br>        Intervener and Respondent. | A150134<br><br>(San Francisco City & County Super. Ct. No. CGC-10-275502) |
| OMAR BARSTAD,<br><br>        Plaintiff and Appellant,<br><br>v.<br><br>LAMONS GASKET COMPANY et al.,<br><br>        Defendants;<br><br>FIREMAN'S FUND INSURANCE COMPANY,<br><br>        Intervener and Respondent. | A150135<br><br>(San Francisco City & County Super. Ct. No. CGC-14-276258) |

1

ALEXANDER CORNS,

      Plaintiff and Appellant,

v.

AMCORD, INC.,

      Defendant;

FIREMAN'S FUND INSURANCE
COMPANY,

      Intervener and Respondent.

A150138

(San Francisco City & County
Super. Ct. No. CGC-11-275959)

## ORDER MODIFYING OPINION AND DENYING REHEARING
## [NO CHANGE IN JUDGMENT]

THE COURT:

Appellants' petition for rehearing is denied. The opinion is modified as follows:

On page 6, first partial paragraph, the fourth sentence is revised as follows: "Here, the facts are (1) plaintiffs' alleged asbestos exposure occurred decades ago; (2) neither Associated nor Fireman's Fund defended the lawsuits; and (3) plaintiffs obtained default judgments totaling several millions of dollars, with an unchallenged showing of damages and causation."

On page 7, first paragraph, the eighth sentence is revised as follows: "Moreover, the trial court was entitled to draw an inference from the fact that Fireman's Fund retained counsel that counsel will take the next step, if allowed, of filing a responsive pleading and conducting discovery to challenge plaintiffs' proof of damages and causation."

On page 7, second paragraph, the third sentence is revised as follows: "Thus, the responsive pleading would have revealed nothing more than the intent of Fireman's Fund, as an intervener, to contest plaintiffs' claims against Associated. (See *Reliance Ins. Co. v. Superior Court* (2000) 84 Cal.App.4th 383, 386–387.)"

2

This modification does not affect the judgment.

Dated: _____ _____, P. J.

Trial Court:   San Francisco County Superior Court

Trial Judge:   Hon. Garrett L. Wong

Counsel:

Brayton Purcell, Gary L. Brayton, Richard M. Grant for Plaintiffs and Appellants.

Selman Breitman, Mark A. Love, Richard M. Lee for Intervener and Respondent.

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| WILLIAM MECHLING,<br><br>     Plaintiff and Appellant,<br><br>v.<br><br>ASBESTOS DEFENDANTS,<br><br>     Defendants;<br><br>FIREMAN'S FUND INSURANCE COMPANY,<br><br>     Intervener and Respondent. | A150132<br><br>(San Francisco City & County Super. Ct. No. CGC-09-275224) |
| JAMES GREELY,<br><br>     Plaintiff and Appellant,<br><br>v.<br><br>ASBESTOS DEFENDANTS,<br><br>     Defendants;<br><br>FIREMAN'S FUND INSURANCE COMPANY,<br><br>     Intervener and Respondent. | A150134<br><br>(San Francisco City & County Super. Ct. No. CGC-10-275502) |
| OMAR BARSTAD,<br><br>     Plaintiff and Appellant,<br><br>v.<br><br>LAMONS GASKET COMPANY et al.,<br><br>     Defendants;<br><br>FIREMAN'S FUND INSURANCE COMPANY,<br><br>     Intervener and Respondent. | A150135<br><br>(San Francisco City & County Super. Ct. No. CGC-14-276258) |

| ALEXANDER CORNS,<br><br>  Plaintiff and Appellant,<br><br>v.<br><br>AMCORD, INC.,<br><br>  Defendant;<br><br>FIREMAN'S FUND INSURANCE<br>COMPANY,<br><br>  Intervener and Respondent. | A150138<br><br>(San Francisco City & County<br>Super. Ct. No. CGC-11-275959) |
| --- | --- |

In these four consolidated cases, William Mechling, James Greely, Omar Barstad, and Alexander Corns (collectively, plaintiffs) appeal from trial court orders setting aside default judgments on the equitable ground of extrinsic mistake. We affirm.

FACTUAL AND PROCEDURAL BACKGROUND

Beginning in 2009, plaintiffs filed personal injury complaints against numerous defendants—including Associated Insulation of California (Associated)—for injuries arising out of plaintiffs' alleged asbestos exposure.[1] Plaintiffs served Associated with the complaints. Associated—which apparently ceased operating in 1974—did not respond, and the court entered Associated's defaults. The court entered one default judgment against Associated in 2013, and three additional default judgments in 2015. The default judgments ranged from $350,000 to $1,960,458. Plaintiffs served notice of entry of the default judgments on Associated, but not on Fireman's Fund.

---

[1] We deny Fireman's Fund Insurance Company's (Fireman's Fund) request for judicial notice. "Reviewing courts generally do not take judicial notice of evidence not presented to the trial court. . . . No exceptional circumstances exist that would justify deviating from that rule[.]" (*Vons Companies, Inc. v. Seabest Foods, Inc.* (1996) 14 Cal.4th 434, 444, fn. 3.)

After entry of the default judgments, Fireman's Fund located insurance policies appearing to provide coverage for Associated.[2]  In February 2016, Fireman's Fund retained counsel; in July, it moved to set aside the defaults and default judgments on equitable grounds.  Fireman's Fund argued the litigation presented "a classic case of extrinsic mistake" because service of the complaint on Associated did not provide notice to Fireman's Fund, "resulting in a default judgment to a fault free party."  According to Fireman's Fund, Associated was a suspended corporation and "could not and did not defend itself" and, as a result, Fireman's Fund "never had the opportunity to participate in [the] lawsuit."

Fireman's Fund claimed it had a meritorious case because it "never had its day in court.  It appears plaintiff[s] simply picked a default amount and had that amount reduced to judgment in the absence of any party protecting the interests of Fireman's Fund or its insured [Associated]."  Next, Fireman's Fund contended it had a satisfactory excuse for not defending the action because of "mistakes regarding the insured notifying the insurer of the filing of suit, service of the complaint, and the intention to take a default."  Third, Fireman's Fund argued it acted diligently in moving to set aside the default judgments after learning of the lawsuits and hiring counsel.  Fireman's Fund noted setting aside the defaults and default judgments promoted the policy that "cases should be decided on the merits whenever possible."  In a supporting declaration, counsel averred Fireman's Fund "retained counsel to defend any asbestos claims made against [Associated]" in February 2016.  Counsel also stated Associated's corporate status had been suspended.

Plaintiffs' opposition argued Fireman's Fund failed to present sufficient evidence to support entitlement to equitable relief.  Plaintiffs noted that in two of the four cases, they sent a "demand seeking coverage" to Fireman's Fund, which Fireman's Fund "acknowledged and denied" in a March 2012 letter.  In the letter to plaintiffs' counsel,

---

[2] The record is silent on the dates Fireman's Fund discovered the default judgments and when Fireman's Fund located the insurance policies.

3

Fireman's Fund stated it received notice of the Mechling and Greely lawsuits and had "searched all available records and have not located any reference or policies of insurance issued to Associated . . . under any Fireman's Fund . . . company. . . . [¶] If you believe that Fireman's Fund . . . issued policies of insurance to Associated . . . please forward them and/or any secondary information you would like us to review, as soon as possible." Plaintiffs argued Fireman's Fund could not "claim ignorance and seek . . . equitable relief without any showing of extrinsic . . . mistake or its diligence, considering that [Fireman's Fund] has been on *actual* notice, via acknowledgment through its March 20, 2012 letter."

Plaintiffs also faulted Fireman's Fund for not attaching a proposed pleading in intervention to the motion, and for failing to support the motion with "declarations showing facts to support" a "valid defense." Finally, plaintiffs argued Fireman's Fund could not establish diligence in seeking to set aside the default judgments because it did not state when it became aware of the complaints, and because it failed to present an "excuse as to why it did not step into the shoes of its insured and present a defense to the original action once it learned about it." In reply, Fireman's Fund reiterated its grounds for relief.

The court held a hearing on the motions. At the conclusion of that hearing, the court granted the motions and issued a written order setting aside the defaults and default judgments "pursuant to the Court's inherent, equitable power to set aside defaults on the ground of extrinsic . . . mistake."

DISCUSSION

A trial court has inherent power to vacate a default judgment on equitable grounds. (*Rappleyea v. Campbell* (1994) 8 Cal.4th 975, 981 (*Rappleyea*); *Aldrich v. San Fernando Valley Lumber Co.* (1985) 170 Cal.App.3d 725, 736 (*Aldrich*).) "One ground for equitable relief is extrinsic mistake—a term broadly applied when circumstances extrinsic to the litigation have unfairly cost a party a hearing on the merits." (*Rappleyea,*

4

at p. 981; *Aldrich,* at p. 738.)  "[E]xtrinsic mistake exists when the ground of relief is not so much the fraud or other misconduct of one of the parties as it is the excusable neglect of the defaulting party to appear and present his claim or defense.  If that neglect results in an unjust judgment, without a fair adversary hearing, the basis for equitable relief on the ground of extrinsic mistake is present."  (*Manson, Iver & York v. Black* (2009) 176 Cal.App.4th 36, 47; *In re Marriage of Park* (1980) 27 Cal.3d 337, 342.)

To qualify for equitable relief based on extrinsic mistake, the defendant must demonstrate:  (1) "a meritorious case"; (2) "a satisfactory excuse for not presenting a defense to the original action"; and (3) "diligence in seeking to set aside the default once the fraud [or mistake] had been discovered."  (*In re Marriage of Stevenot* (1984) 154 Cal.App.3d 1051, 1071; *Rappleyea, supra,* 8 Cal.4th at p. 982.)[3]  When "a default *judgment* has been obtained, equitable relief may be given only in exceptional circumstances."  (*Rappleyea,* at p. 981.)  We review the order granting Fireman's Fund's motion to set aside the default and default judgment for abuse of discretion.  (*Ibid.*)  The law "favor[s] a hearing on the merits whenever possible, and . . . appellate courts are much more disposed to affirm an order which compels a trial on the merits than to allow a default judgment to stand."  (*Aldrich*, *supra*, 170 Cal.App.3d at p. 737.)

We conclude the court did not abuse its discretion by granting the motions to set aside the default judgments.  Fireman's Fund established it had "a meritorious case."

---

[3] The parties analyze the factors articulated in *Rappleyea*.  We too analyze those factors, but note that the case before us does not fit neatly within the factual scenario contemplated by *Rappleyea*.  In that case, two named defendants were properly served with the complaint but filed their answer late because they were misadvised about the filing fee, and they moved to vacate the default after the deadline in Code of Civil Procedure section 473.  Applying a "stringent three-pronged test," the California Supreme Court determined defendants were entitled to equitable relief.  (*Rappleyea, supra,* 8 Cal.4th at p. 982.)  We have no quarrel with that result, but question the appropriateness of applying this stringent test to this unusual set of facts, where a nonparty—who was not served with the complaints, defaults, or default judgments—seeks equitable relief.

(*Aldrich, supra,* 170 Cal.App.3d at p. 738.)  In this context, only a minimal showing is necessary.  (*Stiles v. Wallis* (1983) 147 Cal.App.3d 1143, 1148.)  The moving party does not have to guarantee success, or "demonstrate with certainty that a different result would obtain . . . .  Rather, [it] must show facts indicating a sufficiently meritorious claim to entitle [it] to a fair adversary hearing."  (*In re Marriage of Park*, *supra,* 27 Cal.3d at p. 346.)  Here, the facts are (1) plaintiffs' alleged asbestos exposure occurred decades ago; (2) neither Associated nor Fireman's Fund defended the lawsuits; and (3) plaintiffs obtained default judgments totaling several millions of dollars, without any showing of the nature and extent of plaintiffs' injuries, nor whether Associated caused those injuries.  A reasonable inference from these facts is plaintiffs' damages award would have been impacted had Fireman's Fund presented a defense and challenged plaintiffs' proof of causation and damages.  (See *Olivera v. Grace* (1942) 19 Cal.2d 570, 579 [meritorious factor may be satisfied where party "presents facts from which it can be ascertained that the [party] has a sufficiently meritorious claim to entitle him to a trial of the issue at a proper adversary proceeding"].)

Plaintiffs argue Fireman's Fund did not establish a meritorious defense because the motion did not attach a proposed pleading in intervention or a declaration with "evidence" showing a meritorious defense.  To support this argument, plaintiffs rely on *Shields v. Siegel* (1966) 246 Cal.App.2d 334, 337, where the moving party supported its motion with a declaration from counsel "that there was a meritorious defense to the action, and a proposed unverified answer."  (*Id.* at p. 337.)  The *Shields* court determined the moving party established a meritorious defense, but it did not hold a proposed pleading or declaration is *required* to establish this factor.  (*Id.* at p. 342.)  To be sure, a moving party may satisfy the meritorious defense factor by submitting a proposed pleading or a declaration averring there is such a defense.  (See *Rappleyea, supra,* 8 Cal.4th at p. 983.)  But we decline to impose such a requirement here.

6

Plaintiffs also cite *Smith v. Busniewski* (1952) 115 Cal.App.2d 124. There, the moving party offered an affidavit stating he " 'had a good defense' " to the action. (*Id.* at p. 129.) The trial court granted the motion for equitable relief, and a division of this court affirmed. The *Smith* court stated "[i]t was incumbent upon the [moving party] . . . to *plead* and *prove* that the result in the main action would have been different had the mistake not occurred [citations], since equity will not grant relief to a party who claims only the barren right of being permitted to defend against a claim to which he has no defense." (*Id.* at p. 128.) The court determined the moving party's affidavit, while the "only evidence in the entire record on this issue," was "sufficient to support the finding of the trial court that a trial on the merits would result in a judgment favorable to the plaintiff." (*Id.* at p. 129.) We fail to discern the purpose to be accomplished by requiring Fireman's Fund, in a declaration, to state that it has a meritorious defense. Here, Fireman's Fund has asserted a meritorious defense by contending a different result may be reached if it defends the action. Moreover, the trial court was entitled to draw an inference from the fact that Fireman's Fund retained counsel that counsel will take the next step, if allowed, of filing a responsive pleading.

In California, a responsive pleading functions to set " 'at issue' " all material allegations of the complaint. (Code Civ. Proc., § 590; Weil & Brown, Cal. Practice Guide: Civil Procedure Before Trial (The Rutter Group 2018) ¶ 6:385, p. 6-120.) A defendant may controvert the material allegations by way of affirmative defenses and/or denials. (Code Civ. Proc., § 431.30, subds. (b), (d).) Thus, the responsive pleading would have revealed nothing more than the intent of Fireman's Fund, as an intervener, to contest plaintiffs' claims against Associated, which was barred from defending itself due to its suspended corporate status. (See *Reliance Ins. Co. v. Superior Court* (2000) 84 Cal.App.4th 383, 386–387.) We conclude the trial court did not abuse its discretion by concluding Fireman's Fund asserted a meritorious defense. (See *Weitz v. Yankosky* (1966) 63 Cal.2d 849, 858 [moving party's showing was not "strong," but it

7

"was not unreasonable for the trial court to have resolved any doubt it may have had in favor of permitting an adjudication on the merits"].)

Next, Fireman's Fund articulated a satisfactory excuse for not presenting a defense to the lawsuits. (*Aldrich, supra,* 170 Cal.App.3d at p. 738.) Fireman's Fund was not a named party and was not served with the complaints or other relevant pleadings. In 2012, Fireman's Fund received notice of the Mechling and Greely lawsuits and a demand for coverage. In a March 2012 letter, Fireman's Fund notified plaintiffs it "searched all available records" and had "not located any reference or policies of insurance issued to Associated." Fireman's Fund invited plaintiffs to provide information showing Fireman's Fund issued insurance policies to Associated, but plaintiffs apparently did not respond. This letter—which was before the court—supports the conclusion that Fireman's Fund had a satisfactory excuse for not defending the Mechling and Greely lawsuits: it did not believe Associated was its insured. Plaintiffs do not contend Fireman's Fund had notice of the Barstad and Corns lawsuits before entry of the default judgments. Under the circumstances, the court acted within its discretion by concluding Fireman's Fund presented a satisfactory excuse for not timely defending the lawsuits.

Finally, Fireman's Fund established diligence in "seeking to set aside the default" judgments once they "had been discovered." (*Aldrich, supra,* 170 Cal.App.3d at p. 738.) As stated above, Fireman's Fund located insurance policies appearing to provide coverage for Associated after entry of the default judgments. In February 2016, Fireman's Fund retained counsel to defend claims made against Associated; five months later, Fireman's Fund moved to set aside the defaults and default judgments. Plaintiffs correctly observe Fireman's Fund did not provide the date when it learned of the defaults and default judgments, but the absence of this information did not preclude the trial court from granting relief. When evaluating a motion to set aside a default judgment on equitable grounds, the "court must weigh the reasonableness of the conduct of the moving party in light of the extent of the prejudice to the responding party." (*In re*

8

*Marriage of Stevenot, supra,* 154 Cal.App.3d at p. 1071.)  The trial court did so here, and we cannot conclude the grant of equitable relief was an abuse of discretion.

In our view, this case presents exceptional circumstances warranting equitable relief.  Fireman's Fund was denied an opportunity to present its case in court because it was not served with any of the relevant pleadings, did not have notice of two of the lawsuits, and did not believe it had a duty to defend Associated.  We conclude the trial court did not abuse its discretion by granting Fireman's Fund's motion for equitable relief.  We emphasize our review of the trial court's ruling is governed by the deferential abuse of discretion standard.  As a result, we may reverse only if we conclude the trial court's decision is " 'so irrational or arbitrary that no reasonable person could agree with it.' " (*Sargon Enterprises, Inc. v. University of Southern California* (2012) 55 Cal.4th 747, 773.)  That a different decision could have been reached is not sufficient because we cannot substitute our discretion for that of the trial court.  The trial court's ruling must be beyond the bounds of reason for us to reverse it.  (*Avant! Corp. v. Superior Court* (2000) 79 Cal.App.4th 876, 881–882.)  We cannot conclude the court's order was irrational, arbitrary, or beyond the bounds of reason.  Therefore, we " 'will not disturb the order.' " (*People v. One Parcel of Land* (1991) 235 Cal.App.3d 579, 584.)

## DISPOSITION

The orders setting aside the defaults and default judgments are affirmed.  Fireman's Fund is entitled to costs on appeal.  (Cal. Rules of Court, rule 8.278(a)(2).)

_____
Jones, P.J.

We concur:


_____
Simons, J.


_____
Bruiniers, J.*

A150132; A150134; A150135; A150138

---

* Retired Associate Justice of the Court of Appeal, First Appellate District, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

10

Trial Court:   San Francisco County Superior Court

Trial Judge:   Hon. Garrett L. Wong

Counsel:

Brayton Purcell, Gary L. Brayton, Richard M. Grant for Plaintiffs and Appellants.

Selman Breitman, Mark A. Love, Richard M. Lee for Intervener and Respondent.