Filed 10/25/24  Tanguay v. Lavallee CA4/3

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION THREE

| | |
|---|---|
| KAYLYNN LEE TANGUAY, | |
| Plaintiff and Respondent, | G063471 |
| v. | (Super. Ct. No. CVRI2000715) |
| RILEY LEE LAVALLEE, | O P I N I O N |
| Defendant and Appellant. | |

Appeal from a judgment of the Superior Court of Riverside County, Irma Poole Asberry, Judge. Affirmed.

Melissa Raskey for Defendant and Appellant.

John L. Dodd & Associates, John L. Dodd; and Rob Schelling for Plaintiff and Respondent.

\*　　　\*　　　\*

In December 2020, Tanguay filed a complaint for partition of real property against Lavallee related to their jointly held home. Lavallee did not file a timely response; on April 26, 2021, Tanguay filed a request for entry of default against him.

The court scheduled a case management conference for July 19, 2021, which was continued to November 2021. On July 15, 2021, four days before the initial case management conference date, the court issued two orders to show cause (OSC) why sanctions should not be imposed for Tanguay's failure to file: (1) a timely proof of service, and (2) a request for entry of default for all named defendants.

In November 2021, Tanguay's counsel filed a declaration in response to the OSCs, explaining that Lavallee had been served with the summons and complaint, that his default was entered on April 26, 2021, and that the other named defendants had appeared. Counsel explained Tanguay was encountering difficulty obtaining the financial documents she needed to support her default prove-up, that she anticipated receiving them shortly, and that she expected to file her prove-up package within 45 days.

The court discharged the OSCs and issued a new OSC requiring Tanguay to appear on March 15, 2022, to explain why monetary sanctions or dismissal should not be imposed for failure to timely obtain a default judgment.

On March 9, 2022, Tanguay's counsel filed a declaration in response to the new OSC, explaining that Tanguay had recently obtained the documents needed to complete the default prove-up, and counsel anticipated filing the prove-up package within about 30 days. The court continued the hearing on the OSC to June 14, 2022.

On June 9, 2022, Tanguay's counsel filed another declaration in response to the OSC, explaining that Tanguay and Lavallee had received an offer to purchase the property, which might resolve the dispute. Counsel requested the matter be continued for 90-120 days to give the parties an opportunity to consider the offer and possibly close a sale of the property.

On August 18, 2022, Lavallee filed a motion to set aside his default, stating he had become addicted to narcotic pain medications after being prescribed them for injuries he suffered in 2019. He entered rehab in March of 2022 and moved to Texas in April 2022. He declared he "did not have the mental state of a prudent person between February 2021 and July 2022," and stated he had promptly contacted counsel after his "parents offered to assist [him] financially and provide a support system to defend [himself]" in August 2022. He asked the court to relieve him from his default on the grounds of "'mistake, inadvertence, surprise, or excusable neglect.'" (Citing Code Civ. Proc., § 473, subd. (b).)

Tanguay filed an opposition to Lavallee's motion and requested another continuance of the OSC.

On November 29, 2022, the court denied Lavallee's motion for relief from default, concluding it was untimely as a request for discretionary relief because it was filed more than six months after the default was entered, and did not qualify as a request for mandatory relief as it was not supported by an attorney's affidavit of fault. Alternatively, the court ruled that "[e]ven if the motion had been timely filed, Defendant does not provide a compelling reason for his failure to timely respond to the Complaint" because the evidence showed that between February and June 2021, Tanguay's counsel received several calls from Lavallee and the attorney who later agreed to represent him.

3

The court continued the hearing on the OSC to December 29, 2022, based on Tanguay's representation that she could have the default prove-up package filed by then. The OSC was again continued to January 31, 2023.

Tanguay filed the default prove-up package on January 30, 2023, prompting the court to further continue the OSC to April 4, 2023, and finally to October 19, 2023.

In her prove-up package, Tanguay explained that the property had been sold to a third party in October of 2022, and that while she and Lavallee were presumptively entitled to equal shares of the sale proceeds, a substantial portion of those proceeds had been paid through escrow to satisfy Lavallee's debts. Tanguay also asked for credit to compensate her for the expenses she had incurred in getting the property sold.

On August 8, 2023, the court entered the default judgment against Lavallee. The judgment provides that Tanguay is to receive $91,870.80 from the sale of the property, while Lavallee is to receive $21,718.59. Additionally, Lavallee was ordered to pay Tanguay $8,005.15 in attorney fees and costs.

DISCUSSION

I.

DEADLINE FOR ENTRY OF JUDGMENT

Citing California Rules of Court, rule 3.110(h) (Rule 3.110(h)), Lavallee first argues the court was required to dismiss this action when Tanguay failed to seek entry of a default judgment within 45 days of obtaining entry of Lavallee's default. We disagree.

Rule 3.110(h) provides "[w]hen a default is entered, the party who requested the entry of default must obtain a default judgment against

4

the defaulting party within 45 days after the default was entered, unless the court has granted an extension of time." It then empowers the court to "issue an order to show cause why sanctions should not be imposed if that party fails to obtain entry of judgment against a defaulting party or to request an extension of time to apply for a default judgment within that time." It does not, however, require the court to dismiss the case.

As Lavallee acknowledges, the trial court granted Tanguay several extensions of time to obtain entry of her judgment, as provided for in Rule 3.110(h). Lavallee asserts, however, that the court abused its discretion in doing so because Tanguay's "repeated delays . . . were unreasonable and inexcusable." However, Lavallee fails to support that assertion with any analysis of either the facts or the law. "'Appellate briefs must provide argument and legal authority for the positions taken. "When an appellant fails to raise a point, or asserts it but fails to support it with reasoned argument and citations to authority, we treat the point as waived."' [Citation.] 'We are not bound to develop appellants' arguments for them. [Citation.] The absence of cogent legal argument or citation to authority allows this court to treat the contention as waived.'" (*Cahill v. San Diego Gas & Electric Co.* (2011) 194 Cal.App.4th 939, 956 (*Cahill*).) The claim is waived.

II.

FAILURE TO VACATE THE DEFAULT JUDGMENT

Lavallee also argues the trial court abused its discretion by refusing to grant him relief from the default judgment.[1] He posits that the

---

[1] Lavallee claims the appellate court can grant equitable relief from a default judgment "in the first instance." But we are aware of no authority to grant such a motion, and we decline to consider this issue de novo. The discretion to grant relief from a default judgment lies solely

5

court has inherent power to vacate a default judgment on equitable grounds, on a showing of extrinsic mistake. (See *Mechling v. Asbestos Defendants* (2018) 29 Cal.App.5th 1241, 1246.)

We agree with that proposition, but Lavallee sought no such equitable relief here. Instead, he sought statutory relief based on the provisions of Code of Civil Procedure section 473. Consequently, his claim for equitable relief is also waived. (*Nelson v. Avondale Homeowners Assn.* (2009) 172 Cal.App.4th 857, 863 ["Because [plaintiff] did not make this argument in the trial court, it is waived on appeal"]; See *Doers v. Golden Gate Bridge etc. Dist.* (1979) 23 Cal.3d 180, 184-185, fn. 1.) While we do have discretion to consider a purely legal argument raised for the first time on appeal (see *Martorana v. Marlin & Saltzman* (2009) 175 Cal.App.4th 685, 699-700), that rule does not apply here because Lavallee is asking for an equitable assessment of his disputed factual claims.

In any event, we find the trial court's rejection of Lavallee's claim that he was unable to respond to the complaint during the relevant period to be reasonable. The evidence demonstrates that Lavallee was aware of the complaint at all relevant times, that he contacted Tanguay's counsel about it, and that he timely consulted with the attorney who later represented him in seeking to be relieved of his default. Those actions support the court's conclusion that Lavallee had the ability to respond to the complaint, but he elected not to.

---

with the trial court; our role is to determine whether the court abused its discretion by refusing to grant relief to Lavallee. (See *Luxury Asset Lending, LLC v. Philadelphia Television Network, Inc.* (2020) 56 Cal.App.5th 894, 910 ["We review a challenge to the trial court's denial of a motion to vacate a default on equitable grounds for abuse of discretion"].)

## III.

### ALLEGED PROCEDURAL ERRORS

Lavallee also argues the court erred by not entering an interlocutory judgment determining the interests of the parties in the property and ordering the partition. (See Code Civ. Proc., § 872.720.) Lavallee claims that once an interlocutory judgment is entered, the court is required to appoint a partition referee to oversee the partition of the property. (See Code Civ. Proc., § 873.510.) Lavallee again cites no authority for his implicit contention that such a procedure is required when the defendant defaults.

Lavallee's argument also ignores the fact that when, as here, parties agree to sell a contested property to a third party, that agreement will supersede the statutory process for partition by a referee. (See Code Civ. Proc., § 873.600 ["Notwithstanding any other provision of this title, the court shall order sale by such methods and upon such terms as are expressly agreed to in writing by all the parties to the action"].)

Under these circumstances, rigid adherence to a complicated statutory partition process, requiring the services of a referee who will be paid out of the proceeds of the property (see Code Civ. Proc., § 873.820 [requiring all expenses of the partition action to be paid from the proceeds of a sale]), would benefit neither party. We find no error in the manner in which judgment was entered.

Finally, Lavallee argues the court "erroneously and inequitably deprived Lavallee of any interest in the property (or reimbursement(s)) when it allowed a default to be entered without setting the matter for a prove-up hearing and the entry of the default judgment. Although the partition action was 'uncontested,' the Court is still required to have a detailed prove-up

7

hearing before rendering a judgment for Partition. Here the trial court abused its discretion in allowing the matter to proceed without a prove-up hearing and by discounting the proofs of payments made on the subject property by Lavallee." (Italics omitted.)

Once again, Lavallee cites no legal authority to support his assertion that despite his default, the court was still required to set a prove-up hearing in which he would be allowed put on evidence.[2] The assertion is therefore waived. (*Cahill, supra*, 194 Cal.App.4th at 956; *Benach v. County of Los Angeles* (2007) 149 Cal.App.4th 836, 852 ["[w]hen an appellant fails to raise a point, or asserts it but fails to support it with reasoned argument and citations to authority, we treat the point as waived"].)

Lavallee's assertion that "[t]he trial court also took Tanguay's claim of cost reimbursements at face value [citation] not requiring the submission of receipts and/or any documentation evidencing alleged payments when the court entered the default judgment" is similarly flawed. He cites no authority for his implicit contention that in the absence of receipts or other documentation, the court was required to reject Tanguay's testimony in support of her claims. The contention is consequently waived.

For all of the foregoing reasons, we find no error.

---

[2] Significantly, the evidence Lavallee cites to support his claim for reimbursable payments was attached to his reply brief in support of his motion to be relieved of default. He claimed it established he had paid numerous mortgage payments on the property as well as some solar payments, and he wished to be relieved of his default so he could present such evidence to the court. Lavallee understood then that he would be precluded from pursuing his claim for a greater share of the property's sale proceeds if he were not relieved of the default.

## DISPOSITION

The judgment is affirmed. Tanguay is to recover her costs on appeal.


GOETHALS, J.

WE CONCUR:


MOORE, ACTING P. J.


DELANEY, J.